V. James DeSimone (SBN: 119668)
Carmen D. Sabater (SBN: 303546)
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone: 310.693.5561
Facsimile: 323.544.6880

Attorneys for Plaintiff,
M. H. C., a minor, by and through his Guardian ad Litem, ANNA CANO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. H. C., a minor, by and through his Guardian ad Litem, ANNA CANO<br><br>      Plaintiff,<br><br>      v.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY PROBATION CHIEF TERRI MCDONALD, in her individual and official capacity; and DOES 1 through 20, inclusive,<br><br>      Defendants. | Case No:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1)** Deliberate Indifference to Serious Medical Condition (42 U.S.C. § 1983)<br>**2)** Municipal Liability for Unconstitutional Custom or Practice (42 U.S.C. § 1983)<br>**3)** Failure to Protect/Intervene in Violation of Eighth Amendment to U.S. Constitution<br>**4)** Negligence<br>**5)** Negligent Supervision<br>**6)** Violation of State Civil Rights<br>**7)** Intentional Infliction of Emotional Distress<br>**8)** Negligent Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.:          Carmen D. Sabater, Esq.

## COMPLAINT FOR DAMAGES

Plaintiff M. H. C. (hereinafter "PLAINTIFF M.H.C." or "PLAINTIFF"), a minor, by and through his Guardian ad Litem, ANNA CANO, allege causes of action against DEFENDANTS COUNTY OF LOS ANGELES, LOS ANGELES PROBATION CHIEF TERRI MCDONALD, and DOES 1-20 (hereinafter collectively "DEFENDANTS"), inclusive, as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from DEFENDANTS for violating various rights under the United States Constitution and state law in connection with the denial of providing minimal adequate medical care to M. H. C., a minor by and through his Guardian Ad Litem Anna Cano, by DEFENDANTS and DOES 1-20 of Barry J. Nidorf Juvenile Hall.

2. Plaintiff M. H. C., a 17 year-old minor, was a juvenile who was charged with assault with a fire arm.

3. DEFENDANTS disregarded PLAINTIFF M. H. C.'s repeated complaints of severe pain in his stomach area and his multiple requests to go to the hospital for four days. Instead, DEFENDANTS laughed at and ridiculed M.H.C. and continually sent him back to his room while he was visibly wrought with pain, thereby deliberately refusing to provide him with the crucial medical care his condition required. As such, on January 27, 2018, PLAINTIFF M. H. C. was rushed to UCLA Olive View with a ruptured appendix and had surgery on January 28, 2018.

4. DEFENDANTS obviously knew PLAINTIFF M. H. C. was in severe pain and required serious medical attention, however, they deliberately disregarded PLAINTIFF's repeated pleas for medical attention. PLAINTIFF M. H. C. had a serious medical need and clearly needed immediate medical care by a doctor.

5. Notwithstanding this information, DEFENDANTS failed to provide

2

PLAINTIFF M. H. C. with adequate minimal medical care, which is required under the Eighth Amendment of the United States Constitution. PLAINTIFF's injuries would not have occurred if DEFENDANTS had fulfilled their duties as a public safety agency and had in place, or followed existing policies and procedures that are standard in their field and required by law.

6. DEFENDANT PROBATION DEPARTMENT CHIEF TERRI MCDONALD ("CHIEF MCDONALD") failed to impose adequate discipline on her officers for their inadequate provision of medical care to juveniles and therefore causing needless harm and has tolerated and condoned a custom and policy of failure to provide adequate medical care.

7. DEFENDANT COUNTY OF LOS ANGELES ("COUNTY") by summarily rejecting PLAINTIFF's claim for Damages, has proved unwilling to accept responsibility for the wrong committed by its officers. The COUNTY continues to violate its juveniles' rights by ignoring the allegations and preventing these incidents from happening.

8. DEFENDANTS DOES 1-10 ("DOE OFFICERS") are directly liable for PLAINTIFF's injuries under federal law pursuant to 42 U.S.C. § 1983.

9. DEFENDANTS, COUNTY and DOES 11-20 proximately caused PLAINTIFF's injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

10. The policies and customs behind inadequate provision of minimal medical care to juveniles such as PLAINTIFF M. H. C. are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, PLAINTIFF herein seeks by means of this civil rights action to hold accountable those responsible for the unjustified denial of the minimal medical care to which he was entitled and to challenge the COUNTY's unconstitutional policies and practices. As such this civil rights action is firmly in the public's interest.

3

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.

11.    PLAINTIFF M. H. C., by and through his guardian ad litem, ANNA CANO, brings this action for damages against the DEFENDANTS for violations arising out of DEFENDANTS' violations of his civil rights, deliberate indifference and negligence that caused the needless suffering and injury to PLAINTIFF M. H. C.

## VENUE AND JURISDICTION

12.    This Complaint seeks damages for violations of the civil rights, privileges, and immunities guaranteed by the Eighth Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983, and for violations of California state law.

13.    This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343.

14.    This Court has supplemental jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1376, because the claims form part of the same case or controversy arising under the United States Constitution and federal law.

15.    PLAINTIFF's claims arose in the County of Los Angeles, California. Venue therefore, lies in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

16.    Rule 3 of the Federal Rules of Civil Procedure and Local Rule 3-2(e) authorize assignment to this division because a substantial part of events or omissions giving rise to PLAINTIFF's claims occurred in Los Angeles, which is served by this division.

## PARTIES

17.    At all times relevant to this Complaint, PLAINTIFF M. H. C., a minor, by his Guardian Ad Litem Anna Cano, is and was a resident of the City of Los Angeles, in the County of Los Angeles, California. PLAINTIFF is 17 years old, and in the 11th grade.

18.    DEFENDANT COUNTY OF LOS ANGELES (hereinafter referred to as "COUNTY") is and was a duly organized public entity, form unknown, existing as

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*M.H.C., a minor v. County of Los Angeles, et al.*                     V. James DeSimone, Esq.
Case No.:                                                              Carmen D. Sabater, Esq.

such under the laws of the State of California. Under its authority, DEFENDANT County of Los Angeles operates and manages Barry J. Nidorf Juvenile Hall and is and was at all relevant times mentioned herein responsible for the actions and/or inactions and the policies, procedures, and practices/customs of Barry J. Nidorf Juvenile Hall, and its employees and/or agents. Los Angeles County Probation Department is and was responsible for ensuring the provision of medical and housing accommodations for juveniles. At all relevant times, COUNTY was the employer of DOES 1 through 10 ("DOE OFFICERS"), and DOES 11 through 20 ("DOE SUPERVISORS"), who were managerial, supervisorial, and policymaking employees of the COUNTY Probation Department, are sued in their individual capacity for damages only.

19.    DEFENDANT TERRI MCDONALD is an individual living in the County of Los Angeles, California. At all relevant times, DEFENDANTS DOE OFFICERS and DOE SUPERVISORS were the employee and agents of DEFENDANT COUNTY OF LOS ANGELES and was acting under color of law within the course and scope of their respective duties as officers and with complete authority and ratification of their principal DEFENDANT COUNTY OF LOS ANGELES. DEFENDANT McDonald is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all of the Los Angeles County Probation Department custodial employees and/or agents and DOES 1 through 20. DEFENDANT McDonald also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the LOS ANGELES COUNTY PROBATION DEPARTMENT alleged herein were committed. DEFENDANT McDonald is being sued in her individual and official capacities.

20.    At all relevant times, DEFENDANTS DOE OFFICERS and DOE SUPERVISORS were duly appointed officers and/or employees or agents of COUNTY subject to oversight and supervision by the COUNTY's elected and non-

5

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                             Carmen D. Sabater, Esq.

elected officials.

21.   At all relevant times, DEFENDANTS DOE OFFICERS and DOE SUPERVISORS were duly authorized employees and agents of the COUNTY, who were acting under color of law within the course and scope of their respective duties as employees of the COUNTY and with the complete authority and ratification of their principal, DEFENDANT COUNTY.

22.   At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every DEFENDANT herein.

23.   The true identities of DEFENDANTS DOES 1 through 20, inclusive, are unknown to PLAINTIFF, who therefore sues these DEFENDANTS by such fictitious names. PLAINTIFF alleges that DEFENDANTS DOES 1 through 20 were custody and/or medical staff at Barry J. Nidorf Juvenile Hall who were responsible for ensuring PLAINTIFF's safety and providing adequate health treatment or were responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the juvenile hall's employees and/or agents involved in the conduct alleged herein. PLAINTIFF alleges that each of DEFENDANTS DOES 1 through 20 were deliberately indifferent to his medical needs and safety, failed to provide necessary medical care to him, violated his civil rights, wrongfully caused his injuries, and/or encouraged, directed, enabled and/or ordered other DEFENDANTS to engage in such conduct. PLAINTIFF further alleges that DEFENDANTS DOES 1 through 20 violated PLAINTIFF's Eighth Amendment rights and rights under California state law.

24.   PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these DEFENDANTS when they have been ascertained. Each of the fictitious named DEFENDANTS is responsible in some manner for the conduct and liabilities alleged herein.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                            Carmen D. Sabater, Esq.

25.     In doing the acts and failing and omitting to act as hereinafter described, DEFENDANTS DOE OFFICERS and DOE SUPERVISORS were acting on the implied and actual permission and consent of COUNTY.

26.     All DEFENDANTS who are natural persons, including DOES 1-20, are sued individually and/or in his/her official capacity as officers, employees, servants, joint ventures, partners and/or co-conspirators, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the COUNTY OF LOS ANGELES.

27.     DEFENDANTS COUNTY and DOES 1-20 are liable for PLAINTIFF's injuries under California law and under the doctrine of *respondeat* superior. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

## EXHAUSTION OF PRE-LAWSUIT PROCEDURES FOR STATE LAW CLAIMS

28.     On March 23, 2018, PLAINTIFF timely filed a government tort claim pursuant to California Civil Code §910 with DEFENDANT COUNTY of LOS ANGELES.

29.     On April 12, 2018, the COUNTY OF LOS ANGELES rejected all of the governmental tort claims filed by PLAINTIFF. (See Attached Exhibit "A")

## FACTUAL ALLEGATIONS:

### History of Inadequate Medical Care, Supervision, and Care in Juvenile Halls Operated by the Los Angeles County Probation Department

30.     The Los Angeles County Probation Department and associated juvenile hall facilities have a policy and practice of failing to provide adequate medical care to juvenile inmates in their care, neglecting to protect inmates from assault by other inmates, failing to provide a constitutionally adequate education to their inmates, condoning retaliation against inmates in the facilities, failing to protect inmates from assaults by the officers, failing to prevent other use-of-force incidents, and

7

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                              Carmen D. Sabater, Esq.

deliberately refusing to provide adequate medical care when injuries are caused, and deliberate indifference to the fact that their failure to do so subjects inmates to substantial risk of unnecessary suffering, and serious injury.

31.   The Los Angeles County Probation Department and associated juvenile hall facilities have been on notice that their provision of medical care to inmates is inadequate and results in needless harm since at least 2001, when the U.S. Department of Justice, Civil Rights Division (DOJ) launched an investigation into the conditions at the Los Angeles County Juvenile Halls (Central Juvenile Hall, Los Parings Juvenile Hall and Barry J. Nidorf Juvenile Hall), pursuant to Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997 et seq. and the pattern or practice provision of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141. Based on its investigation, the DOJ concluded that the conditions and practices at the juvenile facilities violated the constitutional and statutory rights of juvenile residents in the areas of: medical and mental health care, sanitation, use of chemical spray, insufficient protection from harm, rehabilitation, education, telephone use, religious programming, translation services for Limited English Proficient (LEP) youth, and grievance procedures. On April 9, 2003, the DOJ issued a findings letter which detailed the violations and set out a series of minimum remedial measures to bring the facility up to constitutional standards. The State accepted the recommendations and the parties entered into a voluntary Settlement Agreement on August 12, 2004 to ensure compliance.[1]

32.   In 2009, the Los Angeles Times confirmed that the Los Angeles County supervisors had agreed to pay 7 million dollars to settle a lawsuit brought by a former probation youth who became a quadriplegic after he was attacked by youths at a county-run juvenile hall in Sylmar in 2006. The probation youth, sued the Los Angeles County, the Probation Chief and four staff members at Barry J. Nidorf

---

[1] DOJ CRIPA Investigation *Re: Los Angeles County Juvenile Halls* Case No. JI-CA-0017

8

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                             Carmen D. Sabater, Esq.

Juvenile Hall, alleging that they failed to protect him from being threatened and attacked by gang members for refusing to join their gang. The probation youth's neck was broken in the assault on April 21, 2006. The settlement did not require the County or Probation Officials to admit wrongdoing. It did require the Probation Department to present a corrective action plan to the supervisors.

33. But the Los Angeles County Probation Department has been fraught with scandal regarding its juvenile facilities for years. On January 12, 2010, the American Civil Liberties Union (ACLU) Racial Justice Program, in coalition with the ACLU of Southern California, Public Counsel and the Disability Rights Center, filed a lawsuit against the Los Angeles County Office of Education, the County Probation Department, and top officials, for their total failure to provide youth in the Challenger Memorial Youth Center with a basic and appropriate education.[2] The suit charged that county personnel - including administrators and teachers at the Challenger Memorial Youth Center in Lancaster, Los Angeles County's largest juvenile probation facility - systematically denied students access to appropriate instruction and the required minimum school day. In 2011, the County settled the case with the agreement that DEFENDANTS take steps to make sure that students receive appropriate educational and rehabilitative services.

34. In addition to the Department of Justice investigation, DEFENDANT COUNTY was placed on notice of the poor conditions and lack of supervision leading to inmate on inmate violence at its Juvenile Facilities by prior claims and/lawsuits. In 2010, a juvenile ward sued Los Angeles County Probation Department, and the County of Los Angeles after he was beaten by other juvenile wards in the Probation Department's Camp Miller and sustained serious injuries.[3] In this lawsuit, the inmate claimed that a "race riot" ensued among the minors in Camp Miller as a result of the failure to provide sufficient staff; failure to follow

---

[2] Casey A. et al., v. Jon R. Gundry, et al., Case No. CV 10-00192 GHK FMOx (C.D. Cal. Jan. 12, 2010)
[3] Nathaniel Marshall v. County of Los Angeles, et al., Case No. BC430969

9

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

M.H.C., a minor v. County of Los Angeles, et al.                                    V. James DeSimone, Esq.
Case No.:                                                                          Carmen D. Sabater, Esq.

established safety procedures; failure to provide necessary and appropriate security measures; and failure to provide appropriate personnel necessary for the safety, welfare and protection of the minor. In 2015, the case settled for 1.2 million dollars.

35.     In 2014, a juvenile inmate sued Former Chief Probation Department, Jerry Powers, Probation Department officers, and County of Los Angeles after he was assaulted by one or more juveniles in Sylmar Juvenile Hall Facility (aka Barry J. Nidorf Juvenile Hall), who learned that he was in custody for a sex offense allegedly involving a minor.[4] The disclosure of a minor inmate's criminal offense was made by the juvenile facility's officers, who knew or should have known of the foreseeable risk of harm that would result to a minor inmate at the hands of other juvenile inmates once the disclosure of the nature of the criminal offense was made. The inmate claimed that the DEFENDANTS "failed to provide adequate security, supervision, staffing, and training to protect J.M.M. from harm, even though they were aware of and had been warned about the dangers associated with his incarceration at this facility."[5] In 2017, because of the blatant indifference to the health and safety of the minor, the case settled for 3.9 million dollars.

36.     For years, there have been credible allegations of abuse, cover up and failure to provide medical care against the Los Angeles County Probation Department, which runs three juvenile halls and 14 juvenile camps as well as monitoring both adult and juvenile probationers who are out of custody.  In April 2016, an assault charge was filed against a Los Angeles County probation supervisor who was present when several officers were caught on tape pummeling a "non-combative 17-year-old probationer" inside the Barry J. Nidorf Juvenile Hall in Sylmar, which left the minor with substantial injuries.[6] Following this incident, DEFENDANT Terri McDonald said "the attack triggered a review of seven other use-of-force

---

[4] *J.M.M. v. County of Los Angeles, et al.* No. 2: 14-cv-06529-JAK.FFM (C.D. Cal. Sept. 26, 2014)
[5] *Id.* at *2.
[6] http://www.latimes.com/local/lanow/la-me-ln-probation-officers-charged-sylmar-20170315-story.html

10

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*                                   V. James DeSimone, Esq.
Case No.:                                                                                        Carmen D. Sabater, Esq.

incidents at the Sylmar facility in which officers were found to have either used excessive force or lied to internal investigators."[7] The officers and supervisor were placed on administrative leave shortly after the incident. Two of the three employees charged in the attack were fired.

37. Two months after the incident in Sylmar, the Los Angeles Times confirmed that a supervisor at Central Juvenile Hall in Los Angeles choked a teenager so aggressively that another employee called the Los Angeles Police Department. No charges were filed, and the supervisor was transferred to another facility.

38. On August 2, 2016, the Los Angeles County Supervisor Mark Ridley-Thomas introduced a Motion calling for a renewed examination into the County's probation department after a video surfaced showing a minor being beaten at the Barry J. Nidorf Juvenile Hall in Sylmar.[8] On his Motion, Supervisor Mark Ridley-Thomas emphasized that "recent incidents in the County's juvenile justice facilities, including allegations of staff abuse, underscore that more reforms are needed to protect young people and promote institutional accountability. The County's response to these occurrences can be just as significant over time as the events themselves. The County and Department must respond to critical incidents in a timely and thoughtful way to ensure problems are fully and seriously addressed and resolved. Trauma-informed, timely responses that emphasize healing, coordination, and accountability should be the norm and the protocol, not the exception."[9] In all of theses case, the County of Los Angeles' Sheriffs and other employees deliberately denied adequate medical care.

///

///

///

---

[7] Id. at *6.
[8] Motion By Supervisor Mark Ridley-Thomas Re: *Strengthening Critical Incident Protocols to Protect Probation Youth and Promote Accountability*, (Aug. 2, 2016)
[9] Id. at *8.

11

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                            Carmen D. Sabater, Esq.

## FACTUAL ALLEGATIONS TO ALL CLAIMS FOR RELIEF

39.     On or about January 24, 2018, PLAINTIFF M. H. C.  was in the custody of Barry J. Nidorf Juvenile Hall facility located in Sylmar, California.

40.     On or about January 24, 2018, PLAINTIFF M. H. C.  complained of stomach pain and his complaints were ignored by staff at the Barry J. Nidorf Juvenile Hall in Sylmar. As such, PLAINTIFF M. H. C.  went to bed, but was unable to sleep because he was in pain all night.

41.     The next morning, on January 25, 2018, PLAINTIFF M. H. C.  again complained to staff that his stomach was "hurting bad." PLAINTIFF M. H. C. was sent to the doctor inside the juvenile hall. Despite the severe visible pain he was experiencing, the doctor at the facility did not properly examine or diagnose PLAINTIFF M. H. C.. The doctor merely prescribed him pain medication and sent him back to the unit. Within approximately10 minutes, PLAINTIFF M. H. C.'s pain increased, and he told staff while holding his stomach, "my stomach hurts real bad." PLAINTIFF M. H. C. was then brought back to medical and stayed the night tossing and turning and often crying out in excruciating pain.

42.     Throughout the entire night, PLAINTIFF M. H. C. was repeatedly complaining of pain, banging on the door, saying, "I have to go to the hospital, I'm in bad pain." He was either ignored or a staff member would pass by and tell him "the pills are going to work, it just takes time, just wait."

43.     On Friday morning, January 26, 2018, even with PLAINTIFF M. H. C. pleading to the doctor that he was still in excruciating pain, he was yet again returned to the unit, only to be returned later that morning holding his stomach crying and complaining of severe pain in his stomach.  When PLAINTIFF M. H. C. arrived at the medical center in the facility, a nurse was laughing at PLAINTIFF M. H. C.  and said, "why are you crying, this is just an excuse to go to the hospital." PLAINTIFF M. H. C.  was again given pain killers and later that evening, he was sent back to the unit. On the way back to the unit, PLAINTIFF M. H. C.  stopped

12

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                            Carmen D. Sabater, Esq.

at the senior office and told staff while having difficulty breathing, crying, and holding his stomach, "my stomach hurts bad, I can't take this, I need to go to the hospital." The staff called the OD, who responded by telling the staff member to tell PLAINTIFF M. H. C. to "suck it up." PLAINTIFF M. H. C. then went to the day room and felt excruciating pain and went to the bathroom and threw up a yellow substance. When PLAINTIFF M. H. C. came out, he told a staff that he just threw up and the staff told him, "to chill, relax, calm down."

44. At this point, despite PLAINTIFF M. H. C. pleading to DEFENDANTS that he was experiencing stabbing pains and felt like he was dying, DEFENDANTS again sent him to his room. PLAINTIFF M. H. C. was in agonizing pain all night and continued throwing up a yellow substance. Finally, on Saturday morning, January 27, 2018, a staff woke PLAINTIFF M. H. C. up and took him to the medical center and shortly thereafter, he was rushed to UCLA Olive View with a ruptured appendix.

45. Despite PLAINTIFF M. H. C.'s continued complaints of having severe pain in his stomach area and that he needed immediate medical attention for four days, the staff neglected him by ignoring his complaints. As such, PLAINTIFF was forced to endure four days of agonizing pain until he was finally rushed to the hospital.

46. On or about January 28, 2018, PLAINTIFF M. H. C. had surgery and had to stay in the hospital for eight days, and he was released on February 4, 2018. On the day of his release from the hospital, the doctor at UCLA Olive View specifically informed the juvenile hall's official, Mr. Russell Smith, that PLAINTIFF M. H. C. needed to come back to the hospital for his follow up appointment two days later, Tuesday, February 6, 2018. Ms. Cano, Miguel's mother, was also present and heard the entire conversation.

47. On February 10, 2018, Ms. Cano went to visit PLAINTIFF M. H. C. only to find out that her son's doctor's appointment on February 6, 2018, was canceled.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*  
Case No.:

V. James DeSimone, Esq.  
Carmen D. Sabater, Esq.

According to PLAINTIFF M. H. C.'s mother, he did not look good and was still in a lot of pain. PLAINTIFF M. H. C. told his mother that his appointment, for unknown reasons, was canceled.

PLAINTIFF M. H. C. also informed his mother that he suffers pain when he tries to eat, go to the restroom, and when he lays down.

48. Immediately thereafter, being very concerned about her son's health, Ms. Cano spoke to the director of the compound within the facility, Mr. James Jacob, and asked why PLAINTIFF M. H. C. doctor's appointment was canceled when he clearly needed to be seen by the doctor. Mr. Jacob directed Ms. Cano to speak with a nurse within the facility.

49. The nurse first told Ms. Cano that the appointment was scheduled for Wednesday, February 7, 2018, even though the doctor at UCLA Olive View specifically asked for the follow up appointment to be scheduled for Tuesday, February 6, 2018. The nurse then informed Ms. Cano that the appointment on February 7, 2018 was also canceled and PLAINTIFF M. H. C. doctor's appointment is now scheduled for February 19, 2018. Ms. Cano explained to the nurse that her son was in serious pain and his follow up appointment should be scheduled sooner than later, as the doctor at UCLA Olive View stated. The nurse ignored Ms. Cano's requests and concerns regarding her son's serious medical needs and told her the appointment is scheduled for February 19, 2018. At this point, Mr. Jacob, told Ms. Cano that he will write a complaint about the nurse's unethical behavior for not addressing Ms. Cano's concerns about her son's health condition and her careless attitude towards Ms. Cano. Mr. Jacob also told Ms. Cano to make a complaint to Ms. Janice Jones, the facility's superintendent.

50. On or about February 12, 2018, Ms. Cano tried to contact Ms. Jones to express her concerns regarding PLAINTIFF M. H. C.'s medical care at Barry J. Nidorf Juvenile Hall. Since Ms. Jones could not be reached, Ms. Cano made a verbal complaint, over the phone, to the director of the compound within the facility, Mr.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                            Carmen D. Sabater, Esq.

James Jacob.

51.    On or about February 14, 2018, PLAINTIFF M. H. C.  visited the doctor at Barry J. Nidorf Juvenile Hall. PLAINTIFF M. H. C.  informed the doctor that he could not stretch his body all the way and he was in pain. The doctor told PLAINTIFF M. H. C.   to limit the physical activities and to take Motrin for the pain.

52.    On the morning of February 24, 2018, PLAINTIFF M. H. C. went to, Annaya Crumb, the Head Senior at Barry J. Nidorf Juvenile Hall and complained that he was in severe pain and asked for pain medications. The staff then called the nurse in the facility, who advised that PLAINTIFF M. H. C.'s prescription for the pain medications expired that same day. The doctors at the facility only work during the week and PLAINTIFF M. H. C.  had to wait until the following Monday, February 26, 2018, two days later, for the doctors to write the prescription for his medications. PLAINTIFF M. H. C.  was in pain all weekend without any pain medications.

53.    Due to his injuries, PLAINTIFF M. H. C.  had issues with going to the bathroom. On information and belief the doctors at Barry J. Nidorf Juvenile Hall were supposed to provide PLAINTIFF M. H. C.  with a note so that the staff at the facility would let him go to the bathroom whenever he had to go, otherwise, he would be in severe pain. PLAINTIFF M. H. C. often asked the staff to go to the bathroom and the staff would make him wait, which would result in him winding up, having to bang on the door as he was experiencing severe pain at not being able to relieve himself.

54.    On or about February 26, 2018, PLAINTIFF M. H. C.  was scheduled to see an outside surgeon, for his follow up care after his appendix surgery. The staff did not take PLAINTIFF M. H. C.  to his medical appointment that day.

55.    On or about February 27, 2018, PLAINTIFF M. H. C.  was taken to see a doctor outside of the juvenile hall since he was not taken to his appointment with the surgeon, on February 26, 2018.  The doctor asked PLAINTIFF M. H. C. why

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                            Carmen D. Sabater, Esq.

56.    Staff at Barry J. Nidorf Juvenile Hall continued to disregard PLAINTIFF's medical needs despite a letter sent to Ms. Janice Jones, the Superintendent at Barry J. Nidorf Juvenile Hall from V. James DeSimone Law on February 15, 2018 on PLAINTIFF's behalf regarding concerns of the lack of medical care given to PLAINTIFF M.H.C. (See Attached Exhibit "B")

57.    As a result of the foregoing, PLAINTIFF M. H. C. suffered, and continues to suffer from physical and emotional pain, anguish, and distress and psychological injury.

## FIRST CLAIM FOR RELIEF

**Deliberate Indifference to Serious Medical Condition in Violation of Eighth Amendment to the U.S. Constitution (42 U.S.C. § 1983)**

**(AGAINST ALL DEFENDANTS)**

58.    PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59.    DEFENDANTS acted under color of State law within the course and scope of its duties to secure and manage Los Angeles County Juvenile Halls facilities when it and/or its agents ignored PLAINTIFF's complaints of stomach pain and denied his pleas for medical help for four days.

60.    PLAINTIFF had a right under the Eighth Amendment to the United States Constitution to be free from "cruel and unusual punishments," including but not limited to: (i) the right to be free from correction official's deliberate indifference to his serious medical needs, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and the right to be free from conditions of confinement that are sure or very likely to cause serious harm or death. *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993).

61.    DEFENDANTS had constructive and/or actual knowledge that for four days, PLAINTIFF continued to complain about having sever pain in his stomach area and that he needed immediate medical attention. Further, DEFENDANTS had

16

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*M.H.C., a minor v. County of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.:                                                                          Carmen D. Sabater, Esq.

serious harm or death. *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993).

61. DEFENDANTS had constructive and/or actual knowledge that for four days, PLAINTIFF continued to complain about having sever pain in his stomach area and that he needed immediate medical attention. Further, DEFENDANTS had constructive and/or actual knowledge that ignoring PLAINTIFF's complaints could reasonably and foreseeably result in severe bodily harm.

62. Further, DEFENDANTS had constructive and/or actual knowledge that PLAINTIFF needed to see an outside surgeon, for his follow up care after his surgery and purposefully postponed his appointments thereby denying PLAINTIFF his vital follow up appointments.

63. Despite PLAINTIFF's consistent complaints of having sever pain in his stomach area and his serious need for medical attention, DEFENDANTS **did not take reasonable steps to** provide minimally adequate medical care to ensure that his medical needs would be treated in such a manner that he be provided timely medical care by a doctor.

64. Further, despite PLAINTIFF and his mother, Ana Cano, repeatedly trying to bring PLAINTIFF's needs to the attention of the facility, using appropriate channels, that is, grievances; asking the nurse in the facility to facilitate the scheduling of PLAINTFF M. H. C.'s doctor's appointment; and making a verbal complaint to Mr. Jacob, DEFENDANTS still deliberately refused to treat PLAINTIFF's medical condition in a minimally adequate manner.

65. DEFENDANTS' above-mentioned conduct thereby constitutes deliberate indifference to PLAINTIFF's serious medical condition and/or deliberate indifference to conditions of confinement that were sure or very likely to cause great bodily harm.

66. DEFENDANTS' deliberate indifference to PLAINTIFF's serious medical needs and deliberate indifference to conditions of confinement were substantial factors in causing PLAINTIFF's injuries.

17

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.

67.    As a proximate result of the aforementioned acts and omissions of DEFENDANTS, and each of them, PLAINTIFF suffered severe harm that will detrimentally affect him for the rest of his life.

68.    As a proximate result of the aforementioned acts and omissions of DEFENDANTS, and each of them, PLAINTIFF sustained physical pain, injury and sickness, mental pain, suffering, fear, anxiety, anguish, and emotional distress.

69.    The aforementioned acts of said individual DEFENDANT, and each of them, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said individual DEFENDANTS.

70.    By reason of the aforementioned acts of DEFENDANTS, and each of them, PLAINTIFF was required to and did retain counsel to institute and prosecute the present action, and to render legal assistance to PLAINTIFF so that his damages and impairment of his Constitutional rights might be vindicated; and by reason thereof, PLAINTIFF requests payment by DEFENDANTS of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Practice (42 U.S.C. §1983)**

**(AGAINST ALL DEFENDANTS)**

71.    PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

72.    Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), DEFENDANT LOS ANGELES COUNTY is liable for all injuries sustained by PLAINTIFF as set forth herein. LOS ANGELES COUNTY bares liability because its policies, practices and/or customs were a cause of PLAINTIFF's injuries and it ratified the unlawful conduct by its tacit approval in not investigating and/or taking appropriate corrective action and

18

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                             Carmen D. Sabater, Esq.

discipline. LOS ANGELES COUNTY and its officials maintained or permitted one or more of the following official policies or customs:

A. Using and tolerating excessive force against juveniles who pose no physical threat to deputies and aren't resisting;

B. Deliberately targeting juveniles' heads during deputy-on-juveniles uses of force, despite creating a foreseeable risk of great bodily harm;

C. The deliberate refusal to place juveniles in a reasonably safe penal environment after corrections officials are put on notice of an unsafe environment;

D. Deliberate indifference to juveniles' serious medical needs by failing to provide timely medical care;

E. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of the failure to provide minimally adequate medical care to PLAINTIFF.

73.    DEFENDANT COUNTY, through its administrators and decision makers, knowingly, recklessly, and with deliberate indifference for the safety and well-being of juveniles including PLAINTIFF, promulgated, created, maintained, and enforced a series of policies, procedures, customs, and practices which resulted in Constitutional violations to the juveniles, including PLAINTIFF.

74.    These policies, procedures, customs, and practices of the COUNTY were the moving forces behind the failure to summon timely medical aid to PLAINTIFF and the de facto custom and practice of permitting and condoning individual staff members, including DEFENDANTS DOES 1 through 20, of disregarding the health and well-being of minors similarly situated as PLAINTIFF who require enhanced supervision and attention while in the juvenile hall facilities.

75.    The customs, policies, and practices described herein were the moving force of PLAINTIFF's injuries and each individual DEFENDANT or subordinate of the COUNTY, acting in accord with such custom, policy, and practice acted with

19

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                              Carmen D. Sabater, Esq.

deliberate indifference to the rights of the PLAINTIFF, acted recklessly, under color of law, by knowing of and disregarding a substantial risk of safety to the juveniles, including PLAINTIFF, all in violation of 42 U.S.C. §1983.

76. By reason of the aforementioned acts and omissions of DEFENDANT COUNTY, PLAINTIFF has been caused to incur, loss of future earning capacity, and other damages in an amount to be proven at the time of trial.

77. By reason of the aforementioned acts of DEFENDANTS, and each of them, PLAINTIFF was required to and did retain counsel to institute and prosecute the present action, and to render legal assistance to PLAINTIFF so that his damages and impairment of his Constitutional rights might be vindicated; and by reason thereof, PLAINTIFF requests payment by DEFENDANTS of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988.

## THIRD CLAIM FOR RELIEF

### Failure to Protect/Intervene in Violation of Eighth Amendment to U.S. Constitution (42 U.S.C. § 1983)

### (AGAINST ALL DEFENDANTS)

78. PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79. At all relevant times, TERRI MCDONALD and DOES 11 through 20 had final policy making authority from DEFENDANT COUNTY concerning the acts of DOES 1 through 10.

80. At all relevant times, DEFENDANTS COUNTY, TERRI MCDONALD and DOES 11 through 20 knew or should have known of the lack of supervision of juveniles by probation staff and other subordinates including DOES 1 through 10, which resulted in Constitutional violations to the juveniles, including PLAINTIFF.

81. DEFENDANTS COUNTY, TERRI MCDONALD and DOES 11 through 20 knew of and/or acted with deliberate indifference to the known practice, pattern, or

20

policy of arbitrarily denying juveniles crucial medical care in disregard for their wellbeing, and risk factors resulting from denial of medical care which resulted in constitutional violations to the juveniles, including PLAINTIFF.

82.    DEFENDANTS COUNTY, TERRI MCDONALD and DOES 11 through 20 knew of and/or acted with deliberate indifference to the known practice, pattern, or policy of arbitrarily ignoring the safety and health of minors in Sylmar Juvenile Hall's housing units, which resulted in constitutional violations to the juveniles, including PLAINTIFF. Said DEFENDANTS had a duty to instruct, train, and discipline subordinates in the adequate supervision of the juveniles but failed to properly train, instruct, supervise, or discipline probation staff and other employees assigned to the supervision of the minors detained in its juvenile hall facilities. DEFENDANTS were on notice of the total inadequate training with regard to protecting the health and well-being of minors confined Barry J. Nidorf Juvenile hall, based on a systematic failure to train probation staff on the purpose and proper method of providing minimal adequate medical care. As a result of the inadequate training, PLAINTIFF was harmed, injured, and damaged in the manner alleged herein.

83.    At all times mentioned herein and prior thereto, DEFENDANTS COUNTY, TERRI MCDONALD and DOES 11 through 20, had a duty to train, instruct, supervise and discipline staff members to ensure that they respected and did not violate federal constitutional and statutory rights of minors in custody in their juvenile hall facilities, and to objectively investigate violations of said rights such as the right to health and safety and the timely summoning of medical aid while in juvenile detention.

84.    DEFENDANTS COUNTY, TERRI MCDONALD and DOES 11 through 20 breached their duties by failing to train, instruct, supervise, or discipline their staff members, including DOES 1 through 10, regarding the violation of PLAINTIFF's and other minors' constitutional rights as alleged herein.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                                                 Carmen D. Sabater, Esq.

85. Prior to the incidents alleged herein, DEFENDANTS and TERRI MCDONALD and DOES 11 through 20, while under color of law and in the course and scope of their employment with DEFENDANT COUNTY, facilitated, ratified, and condoned acts of assaults and medical neglect and were deliberately indifferent to the health and safety of minors such as PLAINTIFF.

86. By reason of the aforementioned acts and omissions of DEFENDANT COUNTY, PLAINTIFF has been caused to have loss of future earning capacity, and other damages in an amount to be proven at the time of trial.

87. By reason of the aforementioned acts of DEFENDANTS, and each of them, PLAINTIFF was required to and did retain counsel to institute and prosecute the present action, and to render legal assistance to PLAINTIFF so that his damages and impairment of his Constitutional rights might be vindicated; and by reason thereof, PLAINTIFF requests payment by DEFENDANTS of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988.

88. The aforementioned acts of said individual DEFENDANTS, and each of them, was willful, wanton, malicious, and oppressive thereby justifying the awarding of exemplary and punitive damages as to said individual DEFENDANTS, but not as to DEFENDANT COUNTY.

## FOURTH CLAIM FOR RELIEF

### Negligence

### (AGAINST ALL DEFENDANTS)

89. PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

90. PLAINTIFF, at all relevant times, was in a "special relationship" with DEFENDANTS COUNTY, TERRI MCDONALD, and DOES 1 through 20, while he was in the custody of the COUNTY and its agents and employees. The special relationship obligated these DEFENDANTS to protect PLAINTIFF from harm,

22

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*M.H.C., a minor v. County of Los Angeles, et al.*      V. James DeSimone, Esq.
Case No.:      Carmen D. Sabater, Esq.

because as a juvenile inmate, he was unable to protect himself.

91. DEFENDANTS COUNTY, acting through DOES 1 through 20, had an on-going relationship with the minor PLAINTIFF, and had a duty to exercise reasonable care in investigating PLAINTIFF's complaints of pain, and had a duty to provide him with timely adequate medical care. DEFENDANT COUNTY is subject to liability pursuant to Cal. Gov't § 815.2(a), which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this action, have given rise to a cause of action against that employee or his personal representative." DEFENDANT COUNTY's employees are responsible for the acts or omissions of DOES 1 through 20.

92. Moreover, DEFENDANT COUNTY's, acting through DOES 1 through 20, and each of them, were under statutory duty to protect minors, and a duty to summon medical care pursuant to Government Code Section 845.6 when they knew or should have known that a minor, such as PLAINTIFF, had a serious medical need, to be treated in such a manner that he be provided prompt, effective medical care by a medical professional.

93. DEFENDANTS owed a mandatory duty of care toward PLAINTIFF and were required to use reasonable diligence to ensure that PLAINTIFF was not harmed by DEFENDANTS' acts or omissions. DEFENDANTS' actions and omissions were negligent or deliberately indifferent, including but not limited to, negligence or deliberate indifference in failing to provide immediate medical care to PLAINTIFF, and negligence or deliberately indifferent supervision of employees and/or detainees.

94. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS DOES 1 through 20 violated duties imposed by Penal Code Section 11166 et. Seq. (Child Abuse and Neglect Reporting Act).

95. Penal Code Section 11166(a) mandates reporting of child abuse or neglect

23

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

M.H.C., a minor v. County of Los Angeles, et al.
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.

when he/she has "knowledge of or observes a child whom the mandated reporter knows, or reasonably suspects has been the victim of child abuse or neglect."

96.    Penal Code Section 11166(j) states in pertinent part: "A county probation or welfare department shall immediately, or as soon as practicably possible, report by telephone, fax, or electronic transmission to the law enforcement agency having jurisdiction over the case to the agency given the responsibility for investigation of cases under Section 300 of the Welfare and Institutions Code, and to the district attorney's office every known or suspected instance of child abuse or neglect, as defined in Section 11165.6…".

97.    DEFENDANTS DOES 1 through 20 were provided information regarding PLAINTIFF's repeated complaints of pain and his immediate need for medical care. DEFENDANT COUNTY, acting through its agents, failed to comply with Penal Code Section 11166 et. Seq., and did not report the abuse. Instead, they permitted the abuse to go unabated.

98.    PLAINTIFF is informed and believes and thereon alleges that as a direct and proximate result of DEFENDANTS' violations of the statutory duties set forth above, and DEFENDANTS' failure to provide immediate medical care, PLAINTIFF was caused to be unnecessarily harmed.

99.    PLAINTIFF is informed and believes and thereon alleges that at all times mentioned herein, DEFENDANTS DOES 1 through 20 were unfit and unqualified to supervise and oversee the juveniles detained in the detention facilities, and were unqualified to care for the PLAINTIFF and others, who were also abused at said juvenile detention centers. Said DEFENDANTS, and each of them, violated mandatory statutory duties in failing to properly supervise and timely provide medical care to PLAINTIFF and other vulnerable minors housed at said juvenile detention facilities.

100.    Furthermore, DEFENDANTS DOES 1 through 20 failed to protect PLAINTIFF, from harm and failed to ensure his safety, and failed to properly and

24

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*M.H.C., a minor v. County of Los Angeles, et al.*                                V. James DeSimone, Esq.
Case No.:                                                                          Carmen D. Sabater, Esq.

adequately supervise and/or monitor the care that was being provided to PLAINTIFF and other minors despite knowledge of abuse at Barry J. Nidorf Juvenile Hall.

101. As a direct and proximate result of said acts or omissions, PLAINTIFF sustained special and general damages in an amount to be proven at the time of trial.

## FIFTH CLAIM FOR RELIEF

### Negligent Supervision

### (Against DEFENDANTS LOS ANGELES COUNTY and DOES 1-20)

102. PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

103. Under California law, an employer can be held liable to third persons, PLAINTIFF, for negligently supervising an employee(s).

104. DEFENDANT COUNTY's employees, including DOES 1 through 20, were unfit and incompetent to perform the work for which they were hired.

105. DEFENDANTS County of Los Angeles, TERRI MCDONALD, and DOES 1 through 20 knew or should have known that COUNTY's employees, including DOES 1 through 20, were unfit and incompetent and that this unfitness or incompetence created a particular risk to others. The negligence of DEFENDANTS TERRI MCDONALD, and DOES 1 through 20 in training, supervising, and retaining COUNTY's employees, including DOES 1 through 20, was a substantial factor in causing the harm to PLAINTIFF.

106. In addition, at the aforementioned date, time and place, the DEFENDANT COUNTY negligently, carelessly and without reasonable care, failed to properly supervise employees and/or detainees and, upon information and belief, failed to investigate threats of great bodily harm against PLAINTIFF and deliberately refused to take responsive or corrective action. As a result of its conduct, DEFENDANT COUNTY is liable for PLAINTIFF's injuries because it was an

25

integral participant in the negligence, or because it failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

107.    DEFENDANT COUNTY is vicariously liable under California Government Code section 815.2 for the acts of its employees, including DEFENDANT TERRI MCDONALD and DOES 1-20, committed in the course and scope of their employment with the Los Angeles County Probation Department.

108.    The conduct of DEFENDANT COUNTY employees, including DEFENDANTS TERRI MCDONALD and DOES 1-20, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling him to an award of exemplary and punitive damages.

**SIXTH CLAIM FOR RELIEF**

**Violation of State Civil Rights**

**(AGAINST ALL DEFENDANTS)**

109.    PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with same force and effect as if fully set forth herein.

110.    All DEFENDANTS, including DOES 1 through 20, are individuals who were acting under color of law in maintaining and supervising the facilities of the COUNTY for the incarceration of juvenile offenders, including Barry J. Nidorf Juvenile Hall. DEFENDANT COUNTY is vicariously liable for these DEFENDANTS' conduct under Government Code Section 815.2.

111.    California Civil Code Section 43, provides that "[b]esides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations." Defendants violated Civil Code 52.1 by using threats, intimidation and coercion to deny PLAINTIFF of his Constitutional right to adequate medical care while incarcerated.

112.    As a result of the conduct of said DEFENDANTS, and each of them, as

26

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                            Carmen D. Sabater, Esq.

adopted and incorporated by paragraphs previously set forth, DEFENDANTS violated PLAINTIFF's personal and civil rights, including the rights set forth in California Civil Code Section 43, including, but not limited to, failing to protect PLAINTIFF from known risk of harm created by and known by DEFENDANTS.

113. The acts of DEFENDANTS previously alleged in this Complaint and incorporated herein to the extent applicable, interfered, or attempted to interfere with the exercise of PLAINTIFF's personal and civil rights under the laws and Constitution of the State of California, including PLAINTIFF's rights under Civil Code Section 43.

114. As a direct and proximate result of the aforementioned conduct of DEFENDANTS, PLAINTIFF has suffered and will continue to suffer damages, including but not limited to, serious physical injury, great emotional and psychological distress, humiliation and mental anguish. PLAINTIFF does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

115. These violations of the PLAINTIFF's personal and civil rights by DEFENDANTS, and DOES 1 through 20, are protected and guaranteed by California Civil Code Section 52.1 entitling PLAINTIFF to damages and relief, including damages under California Civil Code Section 52, other equitable relief, punitive damages, statutory civil penalty (including $25,000 as to each individual DEFENDANT) and attorney's fees (pursuant to Civil Code Section 52.1(h)), all of which are requested herein.

116. In doing the acts alleged in this Complaint, DEFENDANTS knew or should have known, that their actions were likely to injure and damage PLAINTIFF. PLAINTIFF is informed and believes, and thereon alleges, that the individual DEFENDANTS intended to cause him injury and damage, and/or acted with willful and conscious disregard of PLAINTIFF's rights, thus entitling PLAINTIFF to

27

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                            Carmen D. Sabater, Esq.

recover punitive damages as against said individual DEFENDANTS.

## SEVENTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (AGAINST ALL DEFENDANTS)

117. PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

118. DEFENDANTS' conduct as described above was extreme and outrageous and was done with the intent of causing PLAINTIFF to suffer emotional distress or with reckless disregard as to whether their conduct would cause him to suffer such distress.

119. By the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages including, but not limited to future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

120. As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering. The exact nature and extent of said injuries is presently unknown to PLAINTIFF. PLAINTIFF does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

121. PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                              Carmen D. Sabater, Esq.

punitive and exemplary damages in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## (AGAINST ALL DEFENDANTS)

122.    PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

123.    In the alternative, DEFENDANTS' conduct, as alleged above, was done in a careless or negligent manner, without consideration for the effect of such conduct upon PLAINTIFF's emotional well-being.

124.    By the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages including, but not limited to future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

125.    As a further direct and legal result of the acts and conduct of DEFENDANTs, and each of them, as aforesaid, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering. The exact nature and extent of said injuries is presently unknown to PLAINTIFF. PLAINTIFF does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

///

///

///

///

///

///

29

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                             Carmen D. Sabater, Esq.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays and requests the following relief, jointly and severally and vicariously, against all DEFENDANTs to each cause of action and claim for relief:

a) For general and compensatory damages as set forth throughout the complaint according to proof with prejudgment interest thereon to the extent allowable by law;

b) Damages for severe emotional distress, physical pain and suffering, physical injury, humiliation, grief, nervousness, shame, fright, anxiety, depression, panic attacks, sorrow, worry, low self-esteem, psychological injury, and related emotional and mental anguish in an amount to be determined by the jury at the trial of this matter;

c) Exemplary damages against DEFENDANTS Does 1-20 for the example and to punish DEFENDANTS Does 1-20 for their willful, reckless, and extreme acts of malice and oppression. DEFENDANTS acted with conscious disregard for the safety and well-being of PLAINTIFF, and with conscious disregard for the duties owed to him and all incarcerated juveniles, which justifies the imposition of punitive and exemplary damages against them;

d) Damages for medical expenses and related items of expenses in an amount to be determined by the jury at the trial of this matter;

e) Costs of suit necessarily incurred herein;

f) Attorney's fees as permitted by statute;

g) Interest, including prejudgment interest, as allowed by law;

h) Such further other relief as this Court deems just, proper, and appropriate.

///

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                            Carmen D. Sabater, Esq.

## DEMAND FOR JURY TRIAL

PLAINTIFF by and through his attorneys of record request that the instant matter be set for jury trial.

**V. JAMES DESIMONE LAW**

Date:  September 26, 2018         By:  _/s/ V. James DeSimone_____
                                       V. JAMES DESIMONE, ESQ.
                                       CARMEN D. SABATER, ESQ

                                       Attorneys for PLAINTIFF,
                                       M. H. C., a minor, by and
                                       through his Guardian ad Litem,
                                       Anna Cano

31

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**
*M.H.C., a minor v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                             Carmen D. Sabater, Esq.