HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## DECLARATION OF ALFRED JOSHUA, M.D.

I, Alfred Joshua, M.D., state and declare as follows:

1.      I have personal knowledge of the facts set forth herein except those based on information and belief, and if called upon as a witness to testify thereto, I could competently and truthfully do so.

2.      I make this declaration in support of Defendants' Motion for Summary Judgment or, Alternatively, Summary Adjudication.

3.      I am currently the Regional Chief Medical Officer at Paradise Valley Hospital and Alvarado Medical Center where I provide oversight of clinical programs and strategic integrations.

4.      Prior to my current position, I was the Chief Medical Officer for the San Diego County Sheriff's Department, where I managed a comprehensive health care program that was designed to serve more than 91,000 inmates who are annually booked with an average daily population of 5,900 inmates housed at seven detention facilities throughout the San Diego region covering 4,562 square miles.  I provided comprehensive medical services and oversaw a staff of 307 employees, 19 contracts, and a budget of $75 million annually.

5.      I left the San Diego Sheriff's Department in June 2018.  Since July 2018, I serve as a correctional healthcare consultant to assist organizations and entities with improving the quality and delivery of care for inmate populations.

6.      I am informed and believe that the incident serving as the basis of plaintiff's lawsuit against the defendants in this action pertain to plaintiff's time while in the custody of the Los Angeles County Probation Department and when he was housed at the Barry J. Nidorf Juvenile Hall in 2018.

7.      I am informed and believe that plaintiff alleges in this lawsuit that the County of Los Angeles (the "County"), through the Department, failed to adequately train and supervise its employees.  I am further informed and believe that

-1-

1   plaintiff alleges that Dr. Kuo was deliberately indifferent to plaintiff's medical
2   needs.  This is not true.  As discussed more fully below, it is my opinion that there is
3   no evidence plaintiff was denied timely and appropriate care by the County medical
4   staff, based on my review of the documents provided, and my education and
5   training, as well as administrative and clinical experience in both the correctional
6   health care and hospital setting.  Furthermore, there is no evidence of systemic
7   deficiency nor deviations in the standard of care related to the medical care provided
8   to plaintiff during his incarceration at Nidorf Juvenile Hall Facility.

9        8.    Plaintiff placed a sick call slip with the medical staff at Nidorf Juvenile
10  Hall Facility on January 24, 2018 and was promptly seen and evaluated by a
11  Registered Nurse who then referred plaintiff to a physician, Dr. Licona, when he
12  further complained of symptoms.  His abdomen was checked.  During this time, his
13  symptoms and presentation were atypical of appendicitis.

14       9.    On January 25, 2018, Dr. Kuo appropriately admitted him to the
15  medical infirmary for observation.  Dr. Kuo saw plaintiff again the next day in the
16  medical infirmary and he had normal vital signs.  Plaintiff stated he was feeling
17  better and wanted to leave the medical infirmary and go back to general housing.
18  On January 26, 2018, plaintiff reported to Dr. Kuo that his abdominal pain had
19  resolved.

20       10.   On the morning of January 27, 2018 in Unit Y, plaintiff exhibited
21  classic symptoms of appendicitis such as right lower quadrant abdominal pain and
22  low-grade temperature (T-100.1F) and was promptly sent out to the UCLA-Olive
23  View Emergency department.  Plaintiff was diagnosed with perforated appendicitis.
24  Based on plaintiff's height and weight, clinically he would be treated in the same
25  manner as an adult who suffered an acute perforated appendicitis.

26       11.   In spite of plaintiff being a difficult patient who created suboptimal
27  conditions for assessment, including, but not limited to, being angry, aggressive and
28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  making racial derogatory insults to Dr. Kuo on January 26, 2018, Dr. Kuo and her
2  staff showed incredible professionalism and provided comprehensive assessments.

3      12.    Perforation is found in 13-20% of patients who present with acute
4  appendicitis and higher among men (18% in men vs 13% in women).[1]  When
5  plaintiff was diagnosed with acute appendicitis with perforation there was no
6  notable abscess or fluid collection noted on the CT scan which would have required
7  a drain to be placed.  He was not considered unstable or had a free perforation that
8  caused generalized peritonitis when he arrived at the UCLA Olive View Emergency
9  Department on January 27, 2018.  Thus, he was sent out from the Juvenile Facility
10 and diagnosed on the earlier side of the perforation. If he was unstable, he would
11 have been rushed to the operating room on January 27th to have a rescue
12 appendectomy.  In this case, plaintiff was given IV antibiotics and it was not until
13 the following day that he was taken to the operating room to have a laparoscopic
14 appendectomy done.

15     13.    Plaintiff did not suffer from any complications of a perforated appendix
16 such as bowel obstruction, sepsis, or consequent percutaneous drainage or repeat
17 exploratory laparotomy for persistent infection.  His follow up care at the Juvenile
18 Hall met the standard of care where his case was closely followed by a physician
19 throughout his post-operative period and he had a follow up visit with the surgeon.
20 There were no additional complications such as infection of the surgical site during
21 his post-operative period at the hospital and juvenile facility.

22     14.    On February 5, 2018, after plaintiff returned from the hospital, he
23 apologized to Dr. Kuo for stating he did not have abdominal pain on January 26,
24 2018, when in fact he did. Clinical decisions are made based on patient's input on

---

26 [1] Andersson RE, Hugander A, Thulin AJ; Diagnostic accuracy and perforation rate
27 in appendicitis: association with age and sex of the patient with appendicectomy
   rate. Eur J Surg. 1992; 158(1):3

1  their symptoms along with objective findings from vitals and appropriate assessment
2  and treatment plan.   My review of Dr. Kuo's deposition testimony shows her
3  clinical judgment was used including entertaining various diagnosis to explain his
4  symptoms.

5    15.   I see no evidence of change to his abdominal pain consistent with
6  appendicitis on January 24th through January 27th.   Plaintiff was appropriately
7  assessed by the clinical staff every time he presented with symptoms.   In fact,
8  plaintiff's symptoms improved based on his input to Dr. Kuo on January 26th.   When
9  plaintiff had symptoms that warranted further evaluation such as low-grade fever
10 and right lower quadrant abdominal pain, he was promptly transferred to the UCLA-
11 Olive View Emergency department.

12    16.   There is no evidence of deviations of standard of care for the nursing
13 staff or physicians based on my review of the records.   The supervision was
14 appropriate as the nursing care was closely followed by the physicians and the
15 appropriate referrals for plaintiff to see the physician were made in a timely manner.

16    17.   While plaintiff may have had abdominal pain on January 24, 2018, this
17 is not an immediate indication to be sent to the Emergency department.   On January
18 26th, plaintiff stated he was feeling better and requested to leave the medical
19 infirmary.   As stated earlier, physicians base their decisions of further evaluation
20 and treatment based on input of the patient about their symptoms.   In this case,
21 plaintiff appeared to be improved so it was not unreasonable to send him out of the
22 medical infirmary as he had requested on January 26th.

23    I declare under penalty of perjury under the laws of the United States of
24 America that the foregoing is true and correct.

25    Executed on June 26, 2020, at San Diego, California.

26

27  _____ MD

28  Alfred Joshua. M.D.

HURRELL CANTRALL, LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000